WACHUSETT REGIONAL SCHOOL DISTRICT *vs.* TOWN OF RUTLAND & another.[1] No. 00-P-429. March 28, 2002. *Statute,* Construction. *School and School Committee,* Regional school district, Compensation of personnel, Retirement benefits.

The plaintiff Wachusett Regional School District brought this action seeking

[1]Armen Manuelian.

a declaration that, under the terms of an amended regional school district agreement it had entered into with the town of Rutland and its other member towns, Rutland was obligated to pay certain sick leave buy back benefits due upon retirement to a teacher, Armen Manuelian. Manuelian had been employed by Rutland but then had been transferred to the employ of the district following the adoption of the agreement. The agreement provided that the district would assume responsibility for providing education services to students enrolled in prekindergarten through grade eight from its member towns, but that any terminal benefits due to professional personnel transferred to the district as a result of the agreement would remain the obligation of the member towns, rather than the district. More specifically, section 18.2 of the amended agreement provided that:

> "[t]erminal benefits due to professional staff and personnel formerly employed by an individual member town, shall remain the financial obligation of the individual member town, upon severance of service of the employee; provided, however, if a comparable benefit is available at the time of severance of service for the professional staff at the regional school district, then the financial obligations of the individual town shall be limited to the difference in cost, if any, of the terminal benefit."

The district and Rutland both filed motions for summary judgment. Rutland contended that section 18.2 of the agreement was inconsistent with G. L. c. 71, § 42B, and, hence, unenforceable. That statute provides that school personnel, such as Manuelian, whose positions are superseded by the establishment and operation of a regional school district, shall be employed with the same status by the regional school district and shall be "given credit . . . for all accumulated sick leave . . . and for terminal compensation due such school personnel on the termination of such service." G. L. c. 71, § 42B.

A Superior Court judge granted the district's motion and entered judgment declaring that Rutland was required to pay the terminal sick leave benefits due to Manuelian and to any other eligible former employee of Rutland who retired from the district in the future, subject to the provisions of section 18.2 of the agreement.[2] On appeal, Rutland claims that the judge erred in determining that section 18.2 was enforceable notwithstanding the provisions of G. L. c. 71, § 42B. Rutland also claims that, even if section 18.2 is enforceable, its liability under the section for Manuelian's terminal sick leave benefit should be limited because, at the time Manuelian retired in June, 1996, a comparable benefit was available for the district's professional staff. We affirm the judgment.

1. We may not, by process of construction, add a prohibition to a statute which is not contained therein. See, e.g., *Modern Continental Constr. Co., Inc. v. Lowell*, 391 Mass. 829, 839-840 (1984); *General Elec. Co. v. Department of Envtl. Protection*, 429 Mass. 798, 803 (1999). While G. L. c. 71, § 42B, provides that school personnel transferred from a town to a regional school district as a result of the establishment of such a district shall be entitled to a "credit" for terminal compensation due on the termination of their service, it does not prohibit a town from agreeing that it will continue to remain

---

[2]At the time the judgment was entered, paragraph 18.2 of the agreement had been redesignated paragraph 18.1. Hence, the order and judgment refer to paragraph 18.1 rather than 18.2.

responsible for any such terminal compensation. We therefore reject Rutland's claim that section 18.2 of the agreement is unenforceable because of G. L. c. 71, § 42B.

2. Since Rutland advanced no argument in the Superior Court that, even if section 18.2 of the agreement is enforceable, its liability under the section for Manuelian's terminal sick leave benefit is limited because, at the time Manuelian retired, a comparable terminal sick leave benefit was available for the district's professional staff, it is precluded from doing so here. See, e.g., *Adoption of Willow*, 433 Mass. 636, 642 n.7 (2001). In any event, it appears from the record that the district did not adopt any terminal sick leave benefit for teachers such as Manuelian in grades lower than high school until 1997, which was after Manuelian had retired. In these circumstances, we do not think that Rutland was entitled under section 18.2 of the agreement to any credit from the district against the cost of the terminal sick leave benefit due to Manuelian at the time of his retirement. ·

*Judgment affirmed.*

*Paul M. Cranston* for town of Rutland.
*Leo P. McCabe* for the plaintiff.